## NATOMA WATER AND MINING CO. *v.* PARKER *et al.*

An injunction granted upon an order to show cause, and after a full hearing on the merits, cannot be dissolved on motion before the final hearing. The only remedy is to appeal from the order granting the injunction.

The right to move to dissolve an injunction before final hearing, exists only where it was granted without notice according to section one hundred and eighteen, Practice Act.

*Natoma Water and Mining Co.* v. *Clarkin* (14 Cal.) affirmed.

APPEAL from the Sixth District.

Suit for damages for timber cut and carried away from premises alleged to belong to plaintiff, and for an injunction against future trespasses.

The complaint, with affidavit annexed, was filed in the District Court on the twenty-fourth day of December, 1858, application for the injunction being made to the County Judge, who ordered the defendants to show cause before him, on the third day of January, 1859, why the injunction should not be issued, and in the meantime restrained defendants.

On said third day of January, Parker and Allen, two of said defendants, (now respondents) appeared and asked an adjournment of the hearing to show cause, to the sixth of January, (which was granted) and filed jointly a demurrer to the complaint.

On said sixth of January, these two defendants filed separate sworn answers. After full hearing on the merits, the answers being used, the injunction was granted by the County Judge as prayed for. Afterwards, on the twenty-fifth of January, said defendants filed other separate answers, together with notice of motion before the District Court to dissolve the injunction;

1. Upon the insufficiency of the complaint.

2. Upon the complaint and answers filed, and if refused, then to modify said injunction so as only to restrain said defendants from cutting down or destroying any growing trees on the premises.

At the hearing of this motion, counsel of defendants first brought up the demurrer. Plaintiffs objected, and claimed that the demurrer had been waived by the filing of answers. Defendants had leave to withdraw this answer. Afterwards, on the fourth day of February, 1859, after hearing counsel for both parties, the Court sustained the demurrer

Natoma Water and Mining Co. *v.* Parker.

with leave to amend in ten days. Plaintiffs, on the same day, moved the Court for leave to amend without prejudice to the injunction, and defendants moved to dissolve the injunction upon the notice of motion above named, on the ground of insufficiency of the complaint, answer being withdrawn and plaintiff filing a complaint with proposed amendments. Afterwards, on the seventh of February, the Court sustained the motion to dissolve on the ground mentioned.

Plaintiffs then, with leave, withdrew their proposed amendments, and appealed from the order dissolving the injunction.

*C. G. W. French,* for Appellants.

The injunction was granted after notice and hearing on the merits, and could not, therefore, have been dissolved. No new matter was set up. (Pr. Act, sec. 118; John.·Ch. 211; *United States* v. *Parrott et al.* 1 McAllister C. C.; *Natoma Water and Mining Co.* 14 Cal.: 1 Hoffman's Ch. Pr. 211; *Rogers* v. *Deforest,* 3 Ed. Ch. 171.)

*E. B. Crocker,* for Respondents.

The demurrer having been sustained, and the plaintiffs not having amended their complaint, there was nothing to sustain the injunction, and it was therefore properly dissolved. (1 Daniel Ch. Pr. 668; Mitford Eq. Pl. 254.)

An injunction will not be granted pending a demurrer. (1 Daniel Ch. Pr. 666; 3 Atkyns, 496; 13 Vesey, 164.) If the bill be held insufficient upon demurrer, it is error to continue the injunction. (*Blakeny* v. *Ferguson,* 4 English, 487; 11 Paige, 166.)

Whether the Court below erred in sustaining the demurrer or not, is not a question now before the Court, as there is no final judgment, which would enable an appeal to be taken, in which it could be investigated. If the appellants desired to raise this question in order to aid them in the injunction, they should have asked the Court to enter a final judgment, and then the whole matter could be investigated.

COPE, J. delivered the opinion of the Court — BALDWIN, J. and FIELD, C. J. concurring.

This is an appeal from an order dissolving an injunction. The injunction was granted upon an order to show cause, and after a full hearing of the case upon the merits. It was dissolved upon the ground of the insufficiency of the complaint. The order granting it might have

been appealed from, and in our opinion this was the only remedy open to the defendants. The Practice Act (sec. 118) provides that, " If an injunction be granted without notice, the defendant, at any time before the trial, may apply upon reasonable notice to the Judge who granted the injunction, or to the Court in which the action is brought, to dissolve or modify the same." The right to move for a dissolution is not given in any other case, and we are clearly of opinion that no such right exists.

This point was expressly decided in *Natoma Water and Mining Co.* v. *Clarkin* (14 Cal. 544). The Court said: " It appears that, upon filing the complaint, an order was issued to the defendants, to show cause why an injunction, as prayed for, should not be issued, and upon return of the order, cause was shown, which being deemed insufficient, the injunction was granted. Subsequently, upon the filing of the answer, a motion for dissolution was made and sustained. In its rulings in this respect the Court below erred. By the statute, the right to a temporary injunction pending the action is considered as adjudicated by the decision at the hearing upon the order to show cause. The remedy of the defendants in such case, when the right to apply for a dissolution upon the filing of the answer is not expressly reserved, is by appeal. The privilege of moving for dissolution upon the filing of the answer, is limited to cases where the injunction is originally granted without notice to the adverse party."

The order dissolving the injunction is reversed, and the cause remanded.