## FOWLER v. HEINRATH.

### January 25, 1884.

#### 2 Pac. 248.

Injunction—Dissolution—Review on Appeal.—Where there is nothing in the record to show upon what the court acted in dissolving an injunction, the presumption is that it was dissolved upon good cause shown. Moreover, the retention or dissolution of an injunction is within the sound discretion of the court, with which this court will not interfere unless the record shows abuse of discretion.

S. W. Geis for respondent; Frank H. Farrar for appellant.

McKEE, J.—The appellant (plaintiff in the court below) commenced an action of ejectment for recovery of possession of a tract of land. In addition to the statement of a cause of action in ejectment, the complaint contained averments to the effect that, at the time of the alleged entry and ouster by the defendants, there was upon the land a crop of grain which had been planted by the plaintiff, a portion of which

the defendants, since their entry, had cut and stacked upon the land; that they threatened to cut the remainder, and to remove the entire crop from the premises and convert it to their own use; and that they were insolvent, and a judgment against them for the value of the grain would be unavailing. The complaint was verified, and upon filing it, together with an injunction bond, conditioned according to law, a temporary injunction was issued restraining the defendants from disposing of, removing or injuring any of the grain, whether uncut or cut, and stacked upon said premises. But the court afterward, on motion of the defendants' counsel, and after argument of counsel of the respective parties, dissolved the injunction.

In the record which the plaintiff brings before us, on his appeal from the order, there is no bill of exceptions, no statement on appeal, no papers properly certified or identifiable as the papers used on the hearing of the motion; nothing, indeed, to show upon what the court below acted in the hearing and determination of the motion to dissolve. Assuming that the verified complaint was a sufficient basis upon which to issue the injunction, and that it was properly issued thereon (Natoma Water Co. v. Clarkin, 14 Cal. 544), yet the court may have had good cause to dissolve it. The court may have been satisfied that the defendants were entirely solvent and able to respond in damages, and that the plaintiff had an adequate remedy at law against them for the recovery of the grain, or for damages for its taking or detention. Upon such a showing the injunction would have been properly dissolved, and the presumption is that the court did dissolve it upon good cause shown. Every intendment is in favor of the validity of the order. Besides, the order was made upon notice given to dissolve an injunction issued ex parte, the retention or dissolution of which is a matter within the sound discretion of the court, and this court cannot interfere with that discretion upon a record which discloses no abuse of discretion.

Order affirmed.

We concur: Ross, J.; McKinstry, J.