[No, 12298.  In Bank. — May 23, 1889.]

## COUNTY OF YUBA, Respondent, *v.* THOMAS CLOKE, Administrator, Appellant.

Hydraulic Mining — Sale of Water — Injunction. — The business of hydraulic mining is not *per se* unlawful or necessarily injurious to others, and the sale of water to be used in such business is lawful, and cannot be enjoined on the ground that such business will be in fact so conducted as to work injury to others, if it is not distinctly averred that the water was sold with a knowledge that it was to be used in such manner as to work injury to the property of the plaintiff.  (Beatty, C. J., dissenting.)

Nuisance — Improper Use of Property Sold. — The sale of property which is put to an improper use after it passes from the seller's control is not analogous to a case of permitting one's property to be used for an improper purpose injurious to others.  A party furnishing material to another, to be used in conducting a lawful business, cannot be held for damages or enjoined on the ground that the business is thereafter so conducted as to work injury to others.

Pleading — Injunction — Dissolution. — When the complaint does not state a cause of action, an order refusing to dissolve an injunction is erroneous for that reason; and if facts pertaining to the knowledge of the defendant, which are essential to the cause of action, are alleged upon information and belief in the complaint, and are positively denied under oath in the answer, the injunction should be dissolved.

Appeal from an order of the Superior Court of Yuba County refusing to dissolve an injunction.

The facts are stated in the opinion of the court.

*C. W. Cross*, and *J. H. Boalt*, for Appellant.

Equity cannot enjoin the sale of articles because they may be used by the vendee to the injury of others.

Equity enjoins the one who directly commits the injury. (Cooley on Torts, 68, 70, 77, and notes; Bigelow on Estoppel, 278; High on Injunctions, sec. 537; 1 Hilliard on Torts, 632; *Penn v. Wheeling,* 18 How. 429; *Wilson v. Black Bird etc.,* 2 Pet. 250; *Bristol v. Water Co.,* 42 Conn. 403.) A bill in equity to restrain a nuisance only lies against those who at law would be liable to respond in damages. (Wood on Nuisance, sec. 795.) The sale of water is subject to the regulation of the state, and the owner is bound to sell to all at the established rates. (Const., art. 14, sec. 1; Stats. 1885, p. 98.) An injunction granted on allegations made on information and belief will be dissolved when these allegations are positively and explicitly denied by the answer. (High on Injunction, sec. 1525; *Hiller v. Collins,* 63 Cal. 235.)

*E. A. Forbes, A. L. Hart,* and *E. A. Davis,* for Respondent, cited *Woodruff v. N. B. G. M. Co.,* 9 Saw. 441; *People v. Gold Run D. & M. Co.,* 66 Cal. 138; 56 Am. Rep. 80; *Fish v. Dodge,* 4 Denio, 311; 47 Am. Dec. 254; *Elwig v. Jordan,* 53 Ind. 21; *Grady v. Wolsner,* 46 Ala. 381; *Little v. City of Madison,* 42 Wis. 643; 24 Am. Rep. 434; *Marsan v. French,* 61 Tex. 173; 48 Am. Rep. 272; *Carson v. Godley,* 26 Pa. St. 111; 67 Am. Dec. 404; *People v. Irwin,* 4 Denio, 129; *Pickard v. Collins,* 23 Barb. 460; *Neale v. Osborne,* 15 How. Pr. 81; *Wheeler v. Gilsey,* 35 How. Pr. 143; *Stimson v. Putnam,* 41 Vt. 244; *Poertner v. Russell,* 33 Wis. 193; *Blood v. Martin,* 21 Ga. 127; *Martin v. Whetbridge,* 11 Md. 128; Wood on Nuisances, sec. 821; *Gardner v. Newburg,* 2 Johns. Ch. 162; 7 Am. Dec. 526; *Pumpelly v. Green Bay Co.,* 13 Wall. 166; *Osborn v. United States Bank,* 9 Wheat. 139 et seq.; *Ex parte Martin,* 8 Eng. 198.

WORKS, J. — This is an appeal from an order refusing to dissolve a temporary injunction. The motion to dissolve was made upon the pleadings and the minutes of the court.

After alleging the corporate capacity of the plaintiff, and the representative capacity of the defendant, as administrator of the estate of Hickey, the complaint contains, in substance, the following allegations:—

1. That the plaintiff is the owner of a one-half interest in a bridge on Bear River, in this state.

2. That hydraulic mining has been carried on by numerous persons upon said river for twenty years, the immediate effects of which have been to fill up the bed of said river, and destroy the channel thereof, and render said bridge and the highways of plaintiff, adjacent to said river, insecure and unfit for public travel.

3. That many persons and corporations have been and are engaged in said business of hydraulic mining, and discharge gravel and bowlders into said river, with the effects aforesaid, and threaten to and will continue to do so.

4. That if continued, the same will fill up the channel of the river and destroy said bridge.

5. That the deceased had been for many years the owner and in control of water rights, reservoirs, and ditches in this state, acquired for the purpose of selling such water to others to be used in mining by the hydraulic process, and that the defendant, as the administrator of said estate, has continued to sell and furnish water for said purpose, and is now engaged in selling and furnishing the same in large quantities, with the knowledge and understanding that the same is used by the parties to whom it is furnished for the purpose of conducting mining by the hydraulic process, upon and on said river, and that the said water is being used in said mining by said process, along the banks of said river and its tributaries, with the knowledge, consent, and by the assistance of the said defendant.

6. That by so selling and furnishing such water, the defendant is aiding and assisting the said persons and corporations in conducting said hydraulic mining, and

thereby filling up the channel of said river, and holding over the plaintiff a constant menace of the destruction of its said property.

7. If continued, said mining will fill up the channel of said river, and destroy plaintiff's property.

8. That the acts of said persons and corporations are of a constantly recurring nature, and the damage and threatened injury to the plaintiff's property is being produced by the repeated wrongful acts of the defendant, and of the said persons and corporations to whom he furnishes water for the purposes aforesaid.

9. That the defendant threatens to continue to sell said water to the parties aforesaid, who will continue to use it for the purposes mentioned, unless enjoined.

10. That if said mining is stopped, the river will clear its channels, and plaintiff's property will not be injured; but if continued, will destroy and render useless plaintiff's said property.

The prayer of the complaint is, in substance, that the defendant be enjoined and restrained from selling or furnishing to said persons, companies, or corporations, or to any or either of them, and from suffering or permitting them, or any of them, to use said water supply, or any part or portion thereof, for the purpose of mining by said hydraulic process, or by any other hydraulic process by which there will be or may be dumped or washed into said Bear River, or any of its forks, or tributaries, or gulches, or ravines, any tailings, bowlders, cobble-stones, gravel, sand, clay, débris, or refuse matter whatever.

There was a demurrer to the complaint, which was overruled. The defendant answered, admitting his representative capacity and the ownership and control of the water, as alleged in the complaint, and that he had been engaged in selling the waters; but denying the allegations of the complaint, so far as it alleges knowledge on his part that said waters were to be used, or were actually being used, for the purpose of hydraulic

mining, or for any other unlawful purpose, or that the same had resulted, or would result, in any injury to the property of the defendant.

Upon the filing of the complaint, a temporary injunction was issued, as prayed for in the complaint, and upon the coming in of the answer, the motion to dissolve the same was made and denied.

It will be seen that in this complaint it is not averred in direct terms, nor can it be inferred from any of the facts stated, that the defendant sold the water with a knowledge that the same was to be used in such manner as to work injury to the property of the plaintiff. The complaint presents the sole question, whether a party can be enjoined from selling water to a person engaged in the business of hydraulic mining without reference to the question whether such mining is to be carried on in such way as to work injury to others or not.

It seems to us it must be conceded that the business of hydraulic mining is not within itself unlawful or necessarily injurious to others. The unlawful nature of the business results from the manner in which it is carried on, and the neglect of parties engaged therein to properly care for the débris resulting therefrom, whereby it is allowed to follow the stream, and eventually cause injury to property situated below. If this be true, giving full effect to all of the allegations of the complaint, it does not show that the appellant was engaged in an unlawful business, or one injurious to the public or the respondent. The sale of the water was lawful, and cannot be enjoined. The business of hydraulic mining, properly conducted, is lawful, and therefore the sale of water for that purpose cannot be enjoined. It would be a remarkable doctrine, it seems to us, that a party furnishing material to another, to be used in conducting a lawful business, could be held for damages, if said business be improperly conducted, or be enjoined on the

ground that such business will be so conducted as to work injury to others.

Counsel for respondent rely upon *Woodruff* v. *North Bloomfield Mining Co.*, 9 Saw. 441. We do not question the correctness of the case cited, but it does not meet the point presented here. There the defendant was himself engaged in the business of hydraulic mining, and in supplying the water therefor for himself, and it appeared that the business of said parties, including the defendant, was being conducted in such way as to amount to a public and private nuisance. The marked difference between that case and the one before us is, that there the defendant was shown to be directly connected with the wrongful and injurious act complained of. Here he is not. If the parties to whom the water was sold have brought themselves within the rule as laid down in the opinion of the learned judge in the case of *Woodruff* v. *North Bloomfield Gravel Mining Co.*, the remedy of the respondent is against them, and not against the appellant. We see no good reason for holding that an injured party may pass by those who work the injury complained of, and attack one who has, in a lawful way, sold them a part of the material to carry on their work, and that, too, where the business for which the material is sold is in itself lawful.

Numerous cases are cited to the effect that one who *demises* his property for the purpose of having it used in such a way as to prove offensive to others may himself be treated as the author of the mischief, but these cases bear no analogy to the one at bar. This is not a case of permitting one's property to be used for an improper purpose, injurious to others, but a sale of property which is put to an improper use after it passes from the seller's control.

For the reasons stated, the complaint did not state a cause of action, and the order refusing to dissolve the injunction was erroneous for that reason.

Besides, so far as the complaint alleged that the appellant had knowledge that the water sold by him was to be used in hydraulic mining, it was made upon information and belief, and these allegations were positively denied under oath in the answer, and upon that ground the injunction should have been dissolved, conceding that mere knowledge that such use was to be made of the water would so connect the appellant with the wrong complained of as to subject him to an injunction. (*Hiller* v. *Collins,* 63 Cal. 236; High on Injunctions, sec. 1523.)

The order appealed from is reversed.

McFARLAND, J., THORNTON, J., PATERSON, J., and SHARPSTEIN, J., concurred.

BEATTY, C. J., dissenting.—I dissent. The opinion and judgment of the court are based upon the propositions that "the business of hydraulic mining, *properly conducted,* is lawful"; that "the business of hydraulic mining is not within itself unlawful or necessarily injurious to others; that the unlawful nature of the business results from the manner in which it is carried on, and the neglect of parties engaged therein to properly care for the débris resulting therefrom, whereby it is allowed to follow the stream, and eventually cause injury to property situated below," etc.   It may be that there is a lawful and harmless method of mining by the hydraulic process, one in which the miners do properly care for the débris resulting therefrom, so as to prevent it from following the stream and damaging property below, but nothing of the sort appears from or is consistent with the allegations of the complaint in this case.

The plaintiff describes the hydraulic process as one that is plainly, distinctly, and inevitably injurious and unlawful,—one by which immense quantities of débris are deposited in and carried down the natural beds of

the stream on or near the banks of which it is conducted; one in which the miners take no care of the débris, but allow it to be carried down the stream to and upon the lands below. The complaint does not describe or suggest the possibility of any other process of hydraulic mining. It charges that the miners along Bear River are mining *in the manner described*, and that the defendant is selling water to be used *as aforesaid*.

It does, in my opinion, clearly show that the defendant is delivering water to the miners to be used for an unlawful purpose injurious to the plaintiff, and with full knowledge, understanding, and intent that it shall be so used.

The order appealed from was proper, and should be affirmed.

Rehearing denied.