[No. 15769. In Bank.—December 14, 1895.]

GILBERT L. CURTISS, APPELLANT, v. N. S. BACHMAN ET AL., RESPONDENTS.

INJUNCTION—ACTION ON BOND—COUNSEL FEES AND EXPENSES OF SUIT.—The liability of the sureties upon an injunction bond is measured by the terms of their contract; and where the damages are limited by the terms of the bond to such as the plaintiff may sustain by reason of the injunction, whatever expenses he is subjected to by reason of the suit, or for counsel fees in defending the suit, are not damages within the terms of the bond.

ID.—COUNSEL FEES, WHEN ALLOWED.—Counsel fees incurred by defendant by reason of a preliminary injunction are part of the damages for which he has a right to indemnity; but only such counsel fees as may be incurred after the injunction has been issued, and prior to the determination of the action, can be considered as within the rule, and services of counsel rendered in the trial of the cause are not a portion of the damages sustained by reason of the injunction.

ID.—SERVICES OF COUNSEL BEFORE ISSUANCE OF INJUNCTION.—Services of counsel employed to resist a motion for an injunction rendered by virtue of an order to show cause why the injunction should not be granted,

CX. CAL.—28

are not rendered by reason of the injunction, and cannot be recovered in an action upon the injunction bond.

ID.—UNSUCCESSFUL MOTION TO DISSOLVE AN INJUNCTION.—An unsuccessful motion to dissolve an injunction does not authorize a recovery for the expense of counsel fees in making the motion, unless the court suspends its decision on the motion until the hearing of the case.

ID.—PRELIMINARY INJUNCTION—EFFECT OF FAILURE TO SUSTAIN ACTION—WAIVER OF DAMAGES.—It does not follow that because the plaintiff failed to sustain his action at the trial a preliminary injunction was not properly issued; and if, instead of seeking a dissolution of the preliminary injunction, the defendant prefers to defeat the plaintiff in his action, he waives his right to recover from the sureties any damages that he may sustain by reason of the issuance of the preliminary injunction.

ID.—COSTS.—Costs incurred upon the trial of the action, and upon appeal from the judgment are not within the terms of an injunction bond given for a preliminary injunction.

ID.—LOSS OF TIME—INJURY TO BUSINESS.—The loss of defendant's time and the injury to his business resulting from the litigation are outside of the undertaking of the sureties upon the injunction bond.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. EUGENE R. GARBER, Judge.

The facts are stated in the opinion of the court.

*Charles F. Hanlon,* for Appellant.

All damages to which a party may be put by the wrongful issuance of an injunction should be recoverable in an action upon the undertaking, and reasonable counsel fees should be included in those damages. (*Ah Thaie* v. *Quan Wan,* 3 Cal. 216.) Counsel fees for procuring the dissolution of, and defending against, the injunction, are recoverable. (*Prader* v. *Grim,* 13 Cal. 585; *Summers* v. *Farish,* 10 Cal. 347–53; *Heyman* v. *Landers,* 12 Cal. 111; *Porter* v. *Hopkins,* 63 Cal. 54; *Ryan* v. *Anderson,* 25 Ill. 372; *Edwards* v. *Bodine,* 11 Paige, 224, cited and approved in *Ah Thaie* v. *Quan Wan, supra; Derry Bank* v. *Heath,* 45 N. H. 525; *Corcoran* v. *Judson,* 24 N. Y. 107; 2 High on Injunctions, 2d ed., sec. 1685.) Any damage to his business or otherwise necessarily resulting from it may be recovered by plaintiff. (*Hovey* v. *Rubber-Tip Pencil Co.,* 50 N. Y. 335; *Summers* v. *Farish, supra; Asevado* v. *Orr,* 100 Cal. 299; *Rice* v.

*Cook,* 92 Cal. 144, 150; 2 Sedgwick on Damages, 5th ed., 488; *Dougherty* v. *Dore,* 63 Cal. 170; *Lambert* v. *Haskell,* 80 Cal. 618.) All items of expense allowable as damages, up to the final dissolution of the injunction, can be recovered, whether it was finally dissolved on motion or upon the trial. (*Langworthy* v. *McKelvey,* 25 Iowa, 52; *Newton* v. *Russell,* 24 Hun. 40; *Clark* v. *Clayton,* 61 Cal. 634; *Dougherty* v. *Dore, supra;* 11 High on Injunctions, 2d ed., sec. 1649.)

*W. B. Sharp,* for Respondents.

Counsel fees cannot be recovered, as the denial of the motion to dissolve the injunction shows that they were not necessarily expended. (*Bustamente* v. *Stewart,* 55 Cal. 116; *Porter* v. *Hopkins,* 63 Cal. 53; *Carter* v. *Mulrein,* 82 Cal. 167; 16 Am. St. Rep. 99; *Mitchell* v. *Hawley,* 79 Cal. 301; *Lambert* v. *Haskell,* 80 Cal. 611; *Hooper* v. *Patterson* (Cal., Feb. 25, 1893), 32 Pac. Rep. 514.) The injunction did not interfere with plaintiff's business, and the consequential damages attempted to be proved as to what his business suffered, and the expenses of plaintiff in hotel bills and traveling expenses, which are taxable costs, are too remote to be recovered on the injunction bond. (*Edwards* v. *Bodine,* 11 Paige, 224. See, also, *Willson* v. *McEvoy,* 25 Cal. 170; *Elder* v. *Kutner,* 97 Cal. 493.)

HARRISON, J.—In an action brought in the superior court of San Francisco against the appellant by one Nettie Gilman, a preliminary injunction was issued by the court, and the respondents herein were the sureties in an undertaking given on her behalf upon the issuing of said injunction. The condition of the undertaking is: "In case said injunction shall issue and remain in full force and effect, the said plaintiff will pay to the said parties enjoined such damages, not exceeding the sum of five thousand dollars, as such parties may by reason of the said injunction sustain, if said superior court finally decide that the said plaintiff was not en-

titled thereto." The present action was brought to recover from the respondents the damage sustained by reason of the issuance of the said injunction. Upon a former appeal in this cause (*Curtiss* v. *Bachman*, 84 Cal. 216) a judgment that had been rendered in favor of the plaintiff was reversed, with directions to sustain the defendant's demurrer to the complaint. Upon the going down of the *remittitur* the plaintiff amended his complaint, and the cause was tried by the court without a jury, who found that the plaintiff had not sustained any damage by reason of the issuance or continuance of the injunction, and rendered judgment for the defendants. The plaintiff moved for a new trial upon the ground that this finding was not sustained by the evidence, and upon the denial of his motion has appealed therefrom, and also from the judgment.

The action of *Gilman* v. *Curtis*, 66 Cal. 116, was for the purpose of determining the ownership of a certain policy of life insurance, and was commenced March 26, 1880. On the next day the court granted a restraining order by which the plaintiff herein was enjoined from collecting the money due upon the policy, and from transferring or delivering the policy, or the money due thereon, to any other person, and was directed to show cause on a succeeding day why the order should not be continued in full force until the final judgment and decree in the case. An undertaking in the sum of five hundred dollars was executed by the respondents herein upon the issuance of the said restraining order. On April 16th this order to show cause came on for hearing, and the court on that day ordered that the said restraining order be continued in full force and effect until the termination of the suit. Subsequently the defendant, appellant herein, moved to dissolve the injunction, and on July 30th his motion was denied. On the same day the court ordered that the plaintiff file a bond in the sum of five thousand dollars, and thereupon the undertaking sued on herein was executed by the sureties to the original undertaking. The cause was tried in April, 1881, and

judgment rendered in favor of the plaintiff. That judgment was afterward reversed by this court (*Gilman* v. *Curtis, supra*), and upon a new trial a judgment was rendered by the court dismissing the action.

The damages for which the plaintiff seeks to recover herein, and of which he gave evidence at the trial, consisted of moneys which he had paid to his attorneys, the costs incurred in the action of *Gilman* v. *Curtis, supra*, and the loss of time and injury to his business necessitated by the suit. We are of the opinion, however, that neither of these elements of damage is within the terms of the obligation of the defendants, and that the plaintiff failed to establish any right of action against them. The liability of the defendants is measured by the terms of their contract, and in the present action is limited to the damages that the plaintiff might sustain " by reason of the said injunction." Whatever expenses he was subjected to by reason of the suit, as distinguished from those sustained by reason of the injunction, are not damages within this contract of the defendants; and, as it rested upon the plaintiff to establish a cause of action against them, it was necessary for him to show, not only that he had sustained damage, but that the damage which he had sustained was caused solely by reason of the injunction.

Counsel fees incurred by a defendant by reason of a preliminary injunction are recognized as a part of the damages for which he has a right to indemnity, and are within the undertaking which the plaintiff is required to give as a condition of procuring the injunction; but only such counsel fees as may be incurred after the injunction has been issued, and prior to the determination of the action, can be considered as within the rule. If the defendant, instead of attempting to remove the temporary injunction, seeks rather to prevent the issuance of a permanent injunction, or directs his efforts to defeating the action of the plaintiff, the expense of counsel fees thus incurred is an incident of the suit, and is not recoverable as damages sustained by reason

of the injunction. "The allowance of counsel fees in suits on injunction bonds is exceptional, and should not be carried beyond the point to which former decisions have taken it" (*Mitchell* v. *Hawley,* 79 Cal. 301; *San Diego Water Co.* v. *Steamship Co.,* 101 Cal. 216.) Counsel fees rendered in resisting a motion for a preliminary injunction are not within the terms of the undertaking, since they are not expenses made necessary "by reason of the injunction." (*Sweet* v. *Mowry,* 71 Hun, 381; *Whiteside* v. *Noyac Cottage Assn.,* 84 Hun, 555), but are expenses incurred in the action as much as are counsel fees rendered in attempting to prevent the issuance of a permanent injunction (*Thurston* v. *Haskell,* 81 Me. 303); and an unsuccessful motion to dissolve an injunction does not authorize a recovery for the expense of counsel fees in making the motion. (*Langdon* v. *Gray,* 22 Hun, 511; *Randall* v. *Carpenter,* 88 N. Y. 293.) An exception to this rule is recognized when the court itself suspends its decision upon the motion until the hearing of the cause. (*Andrews* v. *Glenville Woolen Co.,* 50 N. Y. 282.)

The counsel fees of which evidence was offered at the trial herein, other than those rendered in preparation for the trial or in defense of the action, were those rendered for the plaintiff upon the order to show cause why the restraining order should not be continued until the termination of the suit, and those rendered upon a subsequent unsuccessful motion on his part to dissolve the injunction. It is well settled that the services of counsel rendered in the trial of the cause are not a portion of the damage sustained by reason of the injunction. (*Bustamente* v. *Stewart,* 55 Cal. 115.) When the plaintiff at the commencement of the action applied for the injunction, the court deemed it proper that the defendant should be heard before granting the writ, and made an order to that effect. Upon this application the judge was authorized to restrain the defendant " in the mean time." (Code Civ. Proc., sec. 530.) The provision in the order restraining the defendant " until the

further order of the court" had no other meaning than "in the mean time," or until the decision upon the order to show cause. (*Sweet* v. *Mowry, supra.*) When this order to show cause was made upon the defendant, it was at his option to appear upon the day fixed for the hearing and resist the motion at that time, or to allow an injunction *pendente lite* to be granted, and seek at the trial to defeat a recovery by the plaintiff, and prevent a permanent injunction. The services of counsel that were employed by him to resist the motion were rendered by virtue of the order to show cause why the injunction should not be granted, and not by reason of the injunction. (*Sweet* v. *Mowry, supra.*) The restraining order made at the commencement of the action would expire by its own terms at the hearing of this motion, and, although it was then continued until the termination of the suit, the order so continuing it was in fact a new and distinct restraint, and itself constituted the preliminary injunction asked by the plaintiff (*San Diego Water Co.* v. *Steamship Co., supra*), and for which the undertaking sued on was given.

It is not shown by the record upon what grounds the subsequent motion to dissolve the injunction was made, or was denied by the court, but, as the preliminary injunction was granted upon notice to the defendant, and after hearing thereon, the proper course for the defendant to take was to appeal from the order (*Natoma etc. Min. Co.* v. *Parker*, 16 Cal. 83), and the court in all probability denied the motion upon the ground that the defendant was not authorized to make it. "Costs and counsel fees on a successful motion to dissolve an injunction are considered the natural consequences of its existence, and are properly damages, but there is no reason why the party obtaining the injunction should pay the expenses of ill-directed experiments to get rid of it. To allow such a charge would be a premium for the employment of unskillful counsel." (*Childs* v. *Lyons*, 3 Robt. 704.) Especially is this rule applicable if the services were rendered upon a motion unauthorized

either in practice or by statute. It does not follow that because the plaintiff failed to sustain his action at the trial the preliminary injunction was not properly issued. It is one of the provisional remedies authorized by the Code of Civil Procedure, and the right of a party to such remedy is the same as is the right to a permanent injunction; but, if he is to be mulcted in damages for every unsuccessful attempt to secure its dissolution, the privilege would be a barren one. If the plaintiff obtains an injunction *ex parte*, and before the hearing of the cause the defendant can secure its dissolution, either by reason of a defect in the original application, or upon a counter showing on his part, he thereby obtains a decision of the court that the plaintiff was not entitled to this provisional remedy, even as a matter of discretion (see *Hicks* v. *Michael*, 15 Cal. 107); but if, instead of seeking such decision of the court, he prefers to defeat the plaintiff in the action, he waives his right to recover from the sureties any damages that he may sustain by reason of its issuance.

It does not appear that any portion of the expenses contained in the cost bills offered in evidence was incurred except upon the trial of the action; and the costs incurred upon the appeal, and subsequent to the rendition of the judgment in the superior court, are not within the terms of the undertaking. (*Lambert* v. *Haskell*, 80 Cal. 611.) The loss of time and injury to the business of the appellant were clearly outside of the undertaking of the sureties.

Certain exceptions to rulings excluding evidence were taken by the appellant, but, as the evidence offered related only to such damages as were not recoverable from the respondents, the exclusion was proper.

The judgment and order are affirmed.

Garoutte, J., Van Fleet, J., Beatty, C. J., Henshaw, J., and Temple, J., concurred.

McFarland, J., dissented.