[Civ. No. 122.    Second Appellate District.—December 29, 1905.]

## EMILY A. HUMPHREY, Appellant, v. BUENA VISTA WATER COMPANY et al., Respondents.

CORPORATIONS—ASSESSMENT UPON STOCK—QUORUM OF DIRECTORS—PRELIMINARY INJUNCTION UPON NOTICE—DISSOLUTION—INSUFFICIENT COMPLAINT—AMENDMENT.—Where a temporary injunction was granted upon notice and hearing restraining the sale of corporate stock for nonpayment of an assessment by less than a quorum of directors, and the original complaint was insufficient in not averring that the corporation was organized for profit, and could not diminish its directors without an amendment of its articles, and a demurrer thereto was properly sustained with leave to amend, and before the hearing of a motion to dissolve the injunction on the ground of the sustaining of the demurrer, an amended complaint was filed showing the invalidity of the assessment, the amended complaint related to the date of the original, and it was error to dissolve the injunction on the ground of the

insufficiency of the original complaint, and to refuse to consider the amended complaint.

ID.—INJUNCTION UPON NOTICE AND HEARING—"FURTHER ORDER OF COURT."—A preliminary injunction granted upon notice and hearing cannot be dissolved arbitrarily without good cause appearing therefor, merely because the words "until the further order of the court" are inserted therein; and the supreme court has recognized the rule that an injunction so granted cannot be dissolved or interfered with except upon appeal, until the trial of the cause is determined upon its merits. [Per Allen, J., and Gray, P. J.]

APPEAL from an order of the Superior Court of Santa Barbara County, dissolving a temporary injunction. J. W. Taggart, Judge.

The facts are stated in the opinion of the court.

Henley C. Booth, for Appellant.

George H. Gould, for Respondents.

ALLEN, J.—Appeal from an order dissolving a temporary injunction. The temporary injunction, restraining the sale of certain corporate stock delinquent on account of nonpayment of an assessment, granted "until the further order of the court," was so granted upon notice, and upon the hearing of which affidavits of defendants and a certain certificate in relation to the diminution of the number of directors, together with the complaint, were considered by the court. Thereafter, a general demurrer was sustained to the complaint and leave given plaintiff to amend. Thereafter a stipulation was entered into that, without the formality of notice, a motion should be made to dissolve the injunction, "upon the ground that the defendants' demurrer to the complaint on the ground that said complaint does not state facts sufficient to constitute a cause of action, has been sustained. Said motion will be made upon the pleadings and papers on file herein and on said order, subject to plaintiff's objection that a motion to dissolve cannot now be made." At the time agreed upon for the hearing of the motion, and within the time given plaintiff to amend her complaint, she presented and filed an amendment thereto, which cured the defects of the original complaint. The court,

however, upon hearing the motion to dissolve, refused to consider such amendment, but heard the matter on the papers filed and used in said action, and thereupon made its order dissolving the injunction. The right of the court to make such order, pending the hearing of the cause on its merits, is challenged on this appeal.

The original complaint, through its omission to aver that the defendant corporation was one organized for profit and thereby restricted by subdivision 5, section 290, of the Civil Code, in the manner of diminishing the number of its board of directors, otherwise than through an amendment of its articles of incorporation, was clearly defective; it not appearing therein what number of directors had been provided in its original articles, or that three thereof, who undertook to levy an assessment on August 13, 1904, did not constitute a quorum of such board. The amendment to the complaint supplied this defect, and by it the complaint, as amended, averred facts from which it appears that less than a quorum undertook to levy an assessment. This being true, the attempted levy of an assessment was void and of no effect. The amendment to the complaint was based upon the same cause of action. It related back to the date upon which the original complaint was filed. (*White* v. *Soto*, 82 Cal. 658, [23 Pac. 210].) The trial court had then before it on the motion to dissolve a sufficient complaint, and by relation of the amendment sufficient at the date of the issuance of the preliminary injunction. "We think that the whole theory of a preliminary injunction is that it is to preserve the rights of the party until the truth of the charges can be regularly investigated." (*Lambert* v. *Haskell*, 80 Cal. 621, [22 Pac. 327].) That it cannot be dissolved until after the trial of the cause upon its merits is determined in *Natoma Co.* v. *Clarkin*, 14 Cal. 544, cited in *Curtiss* v. *Bachman*, 110 Cal. 439, [52 Am. St. Rep. 111, 42 Pac. 910]. The court, by the stipulation, was restricted upon the hearing of the motion to the one ground, namely, the effect of the order sustaining the demurrer to the original complaint. That order had lost all of its significance when by leave of court the complaint was amended, and afforded by itself no ground upon which the court could make an order dissolving the injunction. That the court considered no other ground is made to appear affirmatively in the record,

wherein it says that only those papers on file were considered, not including the amendment to the complaint. Neither the certificate heretofore mentioned, nor the affidavit of defendants were on file, as appears from the record. In other words, the court, without reference to the sufficiency of the complaint, as amended, made its order solely on the ground that the original complaint before amendment was defective. This, we think, was error. Whatever effect may be given to the words, "until the further order of the court," they at least import an order that until such time, for good cause appearing, the same should be modified or dissolved, not an arbitrary right of dissolution at the court's discretion. The broadest powers given to courts in the control of their records and judgments do not comprehend arbitrary power of rescinding orders once entered, but do comprehend that such orders of modification or rescission should be based upon good reasons presented to the court. It is unnecessary here to determine the effect which should be given to the certificate when once considered by the court. This certificate was neither filed nor considered upon the motion to dissolve.

The order appealed from is reversed, and the cause remanded for further proceedings.

SMITH, J., Concurring.—I concur in the judgment. The questions involved in the case are: Whether the court below had jurisdiction to dissolve the injunction; and whether, assuming it to have jurisdiction, there was error in dissolving it. On the first point the majority of the court are of the negative opinion, and this view is supported by some of the early cases. (*Natoma Co.* v. *Clarkin,* 14 Cal. 544; *Hicks* v. *Michael,* 15 Cal. 117; *Curtis* v. *Sutter,* 15 Cal. 265; *Natoma Co.* v. *Parker,* 16 Cal. 83.) But, unless it is to be supposed that the court was unaware of the force of its expressions, the later cases are, I think, to be understood as affirming the rule that in all cases "the dissolution or continuing in force of a preliminary injunction is a matter largely within the judicial discretion of the court below," and that "the settled rule in such cases is that the court will not interfere with the action of the lower court unless there has been an abuse of discretion." (*Parrott* v. *Floyd,* 54 Cal. 535, citing *De Godey* v. *Godey,* 39 Cal. 166; *McCreery* v. *Brown,* 42 Cal.

457; *Rogers* v. *Tennant,* 45 Cal. 186. And, see, also, *Payne* v. *McKinley,* 54 Cal. 533; *County of Yuba* v. *Cloke,* 79 Cal. 239, [21 Pac. 740].) I have also no doubt, if it could be assumed that ordinarily the court has no jurisdiction to dissolve an injunction, it would still be in its power to limit the time of its continuance, as, for example, until the coming in of the answer, or until some definite time, or "until the further order of the court."

I dissent, also, from the opinion that the certificate of diminution of directors (made under section 290 of the Civil Code) and the unfiled answer of the defendants used on the hearing of the motion granting the injunction, were not before the court on the hearing of the motion to dissolve, or that they cannot be considered by us. But it appears that the certificate was not filed in the office of the county clerk, or certified copy with the Secretary of State, or the certificate of the secretary with the county clerk until August, and that the election of the five directors assuming to act in the assessment took place in May. The election, and consequently the assessment by the elected directors, was, therefore, I think, void; and on this ground I concur in the judgment.

·GRAY, P. J., Concurring.—I concur in the opinion of Mr. Justice Allen, and will add the following: The preliminary injunction was granted after notice. Section 532 of the Code of Civil Procedure provides that: "If an injunction be granted without notice, the defendant at any time before the trial, may apply, upon reasonable notice, to the judge who granted the injunction, or to the court in which the action is brought, to dissolve or modify the same." It seems to me that this language means that, if an injunction is granted after notice, it cannot be dissolved until after or upon the trial of the case upon its merits. This construction of the statute has been clearly recognized in the following decisions of the supreme court: *Natoma Water etc. Co.* v. *Clarkin,* 14 Cal. 544; *Curtis* v. *Sutter,* 15 Cal. 260; *Natoma Water etc. Co.* v. *Parker,* 16 Cal. 83. The last. of these cases is referred to with approval in *Curtiss* v. *Bachman,* 110 Cal. 439, [52 Am. St. Rep. 111, 42 Pac. 910], wherein it is said: "As the preliminary injunction was granted upon notice to the defendant, and after hearing thereon, the proper course for the

defendant to take was to appeal from the order, and the court in all probability denied the motion upon the ground that the defendant was not authorized to make it." I am aware of no case holding anything to the contrary of these as to the construction of this statute; and it would seem that its meaning in this regard ought to be treated as settled by these decisions. It is no answer to these cases to say that the preliminary injunction was here granted "until the further order of the court"; for it is of the very essence of a preliminary or temporary injunction that it be granted "until the further order of the court." If it were not so granted it would not be temporary, but permanent. It would not be in terms preliminary, but final. All that the expression, "until the further order of the court," implies is that the order or decree made at the final trial of the case will displace or supersede the preliminary order. Moreover, the court cannot alter the effect of the statute by placing any particular words in its order. The order must still be treated as a preliminary injunction granted upon notice, and upon the settled construction of the statute an injunction so granted cannot be interfered with, except on appeal, until the trial of the case on its merits. And this is a wise rule. Why should there be two or three preliminary hearings, when the matter can be brought to a final hearing upon the motion of either party at any time? The section quoted in no way interferes with the constitutional jurisdiction of the court in matters of equity. It merely regulates the method and time of its exercise. It still leaves the court to vacate its preliminary order on the final trial, if it be so advised.

For these reasons, I concur in the judgment.