[No. 12341.   Department One. — January 31, 1890.]

## JOHN E. WHITE, RESPONDENT, *v.* J. M. SOTO ET AL., APPELLANTS.

CONTRACT — PLEADING. — A contract may be declared upon *in hæc verba,* or in substance, and according to its legal effect.

MECHANIC'S LIEN — PAROL MODIFICATION OF WRITTEN CONTRACT — PLEADING — AMBIGUITY AND UNCERTAINTY. — When a complaint in an action to foreclose a mechanic's lien alleges that a written contract was made between plaintiff and defendant for the erection of the building upon which the lien is claimed, and that subsequently by their oral agreement it was modified, and sets forth clearly and with certainty what the contract as modified was, according to its legal effect, and alleges that it was executed on the part of the plaintiff, the complaint is not demurrable for ambiguity, uncertainty, and unintelligibility.

ID. — EVIDENCE — ADMISSIBILITY OF WRITTEN CONTRACT — PROVISION FOR DEVIATION — PAROL PROOF. — The written contract is admissible in evidence under such complaint, as it does not appear to have been superseded by the parol modification; and if it expressly provides for alterations, deviations, additions, or omissions upon request, and for a reasonable rebate from or addition to the price on account thereof, such modification as was in fact made upon request is properly provable by parol evidence.

PLEADING — AMENDED COMPLAINT — RELATION — STATUTE OF LIMITATIONS. — An amended complaint based upon the same cause of action relates back to the date upon which the original complaint was filed, as regards the statute of limitations.

APPEAL from an order of the Superior Court of Monterey County.

The facts are stated in the opinion.

*R. M. F. Soto,* and *Hermann & Soto,* for Appellants.

*S. F. Geil,* and *H. V. Morehouse,* for Respondent.

GIBSON, C. — This is an appeal by defendants from an order denying them a new trial in an action prosecuted by plaintiff to foreclose a mechanic's lien.

It appears from the findings that on August 23, 1882, J. M. Soto, the husband of Maria P. de Soto, entered into a contract in writing with White, by which the latter agreed to erect a dwelling-house of a certain kind and dimensions upon land owned by Maria P. de Soto, and furnish all the material and labor therefor, and complete and finish it on or before November 21, 1882; for which J. M. Soto agreed to pay him the sum of $2,850 in four several installments.

After White had commenced the erection of the building under the contract, he and J. M. Soto made a modification of the said contract, by verbal agreement, by which White agreed to enlarge the building in certain respects and furnish the necessary additional material and labor, and J. M. Soto to pay, in addition to the original contract price, whatever such additional material and labor should be reasonably worth, and that White should have such additional time, as he might require to complete the building.

White, pursuant to the written contract, as modified by the subsequent oral agreement, completed the dwelling-house on January 31, 1883, and on the same day he delivered the entire possession of it to Soto and his wife, who both, on the same date, moved into it, and thereafter continued to occupy it as their place of residence.

During the whole progress of building, the defendant, Mrs. Soto, was in and about the building and supervised plaintiff's work, and made directions as to certain changes therein, and never in any way objected to the erection of the building. The reasonable worth of the additional work upon and material furnished for the building was $383, which, in addition to the original contract price, made all the work done and material furnished of the reasonable value of $3,233. Of this sum, and before suit was brought, J. M. Soto paid $2,880, leaving an unpaid remainder of $353. White filed his claim of lien, and commenced suit thereon within the statutory time. During the trial it was admitted that after the action was commenced J. M. Soto paid to White the sum of $253 of the amount sued for, and it was at the same time stipulated that the sum so paid should be deducted from whatever amount the court should find due, if any should be found due, and judgment for the remainder rendered and entered. Interest from the commencement of the suit was allowed on the one hundred dollars found due after all deductions; also, an attorney's fee of one hundred dollars, and ten dollars for expenses incurred in securing the lien.

The objections upon which appellants seem to mainly rely are, that the written contract, as subsequently modified by parol agreement, was not properly pleaded, and that the court erred in admitting the written contract and parol evidence of its modification in evidence.

1. It is alleged in the amended complaint that the written contract in question was made between the plaintiff and J. M. Soto; that subsequently, by their oral agreement, it was modified, and that as modified it is as follows; then follows a statement of the contract according to its legal effect, followed by appropriate allegations to the effect that plaintiff upon his part had executed it; and that Maria P. de Soto, upon whose land the house was erected, had by her conduct accepted and ratified

the contract, but had failed to execute it in full upon her part.

It has been decided in several cases that a contract may be declared upon *in hæc verba*, or in substance, and according to its legal effect. (*Stoddard* v. *Treadwell*, 26 Cal. 294; *Love* v. *S. N. L. W. & M. Co.*, 32 Cal. 639; 91 Am. Dec. 602.)

Although the plaintiff did not set forth in his complaint the written contract, and then show by appropriate allegations wherein it had been modified by their subsequent executed verbal agreement, pointed out as the proper method in *O'Connor* v. *Dingley*, 26 Cal. 11, and adopted in *Barilari* v. *Ferrea*, 59 Cal. 1, still, as the complaint shows clearly and with certainty what the contract as modified was, it was not subject to defendants' demurrer on the ground of ambiguity, uncertainty, and unintelligibility.

2. As the original contract was not entirely superseded by the subsequent modification of it made by parol, it, together with such modification, constituted the basis of the suit; and it is therefore clear that the written contract was indispensable to enable the court to determine how far it had been performed, and to ascertain the stipulated time and mode of payment, in order to give it effect as far as it might be applicable in connection with the parol modification of it. (*O'Connor* v. *Dingley*, 26 Cal. 11; *Dermott* v. *Jones*, 2 Wall. 9; *Laduc* v. *Seymour*, 24 Wend. 59.)

The written contract contained the following stipulation: "6. Should the said Soto, at any time during the progress of the work on said building, request any alterations, deviations, additions, or omissions from this contract, or the said drawings or specifications, he shall be at liberty to do so, and the same shall in no way affect or make void this contract, but a rebate from or an addition to the amount of the contract price shall be made on account thereof by a fair and reasonable valuation."

Thus it appears the original contract provided for just such a subsequent deviation from it as was made.

This deviation did not vary the terms of the written contract, but merely expanded them so as to embrace the enlargement of the building provided for in the written contract, and such additional time as might be required for the completion of the building as enlarged, and was properly provable by parol evidence. (*O'Connor* v. *Dingley*, 26 Cal. 11; 2 Wharton on Evidence, sec. 1026.)

3. The further objection, made by appellants, that plaintiff failed to file his lien and to commence an action thereon in time, cannot be sustained, because the record shows that the dwelling-house was completed on January 31, 1883, and that the claim of lien was filed March 30, 1883, within sixty days. This was within the statutory time, as the plaintiff was an original contractor. (Code Civ. Proc., sec. 1187.) Suit was brought to enforce the lien on June 28, 1883, within ninety days after the claim of lien was filed, and was therefore in time. (Code Civ. Proc., sec. 1190.) The amended complaint was filed on July 22, 1885, but as it was based upon the same cause of action, it related back to the date upon which the original complaint was filed. (*Jones* v. *Frost*, 28 Cal. 246; *Easton* v. *O'Reilly*, 63 Cal. 305.)

We therefore advise that the order appealed from be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the order appealed from is affirmed.