[Civ. No. 1416.   First Appellate District.—January 12, 1915.]

## JONATHAN R. TALCOTT, Respondent, v. WILLIAM MEAKIN et al., Appellants.

FORECLOSURE OF MORTGAGE—PLEADING—SUFFICIENCY OF COMPLAINT.— In a suit to foreclose a mortgage, where the complaint alleged the execution of the defendants' promissory note to the plaintiff for a specified sum, and the contemporaneous execution of a mortgage by the defendants as security for the payment of the obligation of the note, the note was alleged to have been made, dated, and delivered to the plaintiff on a certain date and it was not disputed that, as against a general demurrer, it appeared with sufficient certainty from the allegations of the complaint as a whole that the obligation of the note had matured and was due and payable at the time of the commencement of the action, there was no error in overruling defendants' demurrer.

ID.—MORTGAGE—PLEADING SUBSTANCE OF SUFFICIENT.—In such a case the complaint was not demurrable on the ground of uncertainty merely because it did not set out *in haec verba* the mortgage in suit, where it purported to plead in substance and legal effect the terms, conditions, and covenants of the mortgage, including the covenant concerning attorney's fees, as a contract may be declared on either *in haec verba,* or in substance and according to its legal effect.

ID.—NONPAYMENT—SUFFICIENCY OF ALLEGATION.—In such a case an allegation of nonpayment of the obligation was sufficient as against a general demurrer which was in the following form: "That there has been paid on said note or obligation on account of interest the sum of $250.00, and that nothing further has been paid on account of principal or interest or otherwise."

APPEAL from a judgment of the Superior Court of Alameda County.   William H. Donahue, Judge.

The facts are stated in the opinion of the court.

Henry L. Ford, and A. Q. Lomba, for Appellants.

Vance McClymonds, and Dudley Kinsell, for Respondent.

THE COURT.—There was no error committed by the trial court in the overruling of the defendant's demurrer.  The plaintiff's complaint alleged the execution of the defendants' promissory note to the plaintiff for a specified sum, and the

contemporaneous execution of a mortgage by the defendants as security for the payment of the obligation of the note. The note in suit was alleged to have been made, dated, and delivered to the plaintiff on the twenty-third day of October, 1907; and it is not disputed that, as against a general demurrer, it appears with sufficient certainty from the allegations of the complaint as a whole that the obligation of the note had matured and was due and payable at the time of the commencement of the action.

The plaintiff's complaint was not demurrable on the ground of uncertainty, etc., merely because it did not set out *in haec verba* the mortgage in suit. The plaintiff's complaint purported to plead in substance and legal effect the terms, conditions, and covenants of the mortgage, including the covenant concerning attorneys' fees; and a contract may be declared on either *in haec verba,* or in substance and according to its legal effect. (*Stoddard* v. *Treadwell,* 26 Cal. 294; *Love* v. *Sierra Nevada etc. Mining Co.,* 32 Cal. 639, [91 Am. Dec. 602]; *Murdock* v. *Brooks,* 38 Cal. 596; *White* v. *Soto,* 82 Cal. 654, [23 Pac. 210].)

The demurrer upon the ground of insufficiency of facts pleaded to constitute a cause of action was general in its terms; and it is conceded to have been directed solely to the point that the complaint was fatally defective in not containing a sufficient allegation of nonpayment of the obligation evidenced by the note and secured by the mortgage in suit. The allegation of the complaint in this behalf is as follows: "That there has been paid on said note or obligation on account of interest the sum of two hundred and fifty ($250) dollars, and that nothing further has been paid on account of principal or interest or otherwise."

This averment means more than the mere conclusion of the pleader. It was the statement of an ultimate fact, because in effect it declared that of the aggregate of the sum due for principal and interest upon the note at the time of the commencement of the action no part thereof had been paid save and except the sum of two hundred and fifty dollars.

The judgment appealed from is affirmed.