1 73
13 110
39* 292

CONNER, appellants, *v.* McPHEE, respondent.

PRACTICE—*nonsuit*—*plaintiff's motion to set aside.* A plaintiff can move to set aside a nonsuit, which has been entered with his consent, after it was evident that he could not recover on account of alleged error in the rulings of the court.

QUARTZ-CLAIM—*record*—*number of feet.* The record of a quartz-claim, which does not specify the number of feet claimed by the pre-emptor, is admissible in evidence in this case. The number of feet need not be specified in the record of the claim.

PRACTICE—*review*—*matters not in record.* This court cannot review matters which are not presented in the record of the case.

*Appeal from the First District, Madison County.*

THIS action was commenced by Conner and O'Neal in September, 1865, in the district court. The complaint alleged that Conner, in April, 1864, located and staked claim numbered one, south-west from the discovery claim on the Ore Cache quartz lode in Summit district, Madison county; that it comprised one hundred and twenty-five feet; that twenty-five feet was recorded by mistake as a

VOL. I.—10.

part of the discovery claim by James Miniss, who conveyed the same to Conner by deed recorded May 10, 1864; that Conner, on October 19, 1864, conveyed to O'Neal by deed one undivided half of said one hundred and twenty-five feet; that Conner and O'Neal had peaceable possession of this property until November 9, 1864, and performed thereon the work required by law; that defendant, McPhee, wrongfully entered upon the same on November 9, 1864, and filed a pre-emption claim to one hundred feet of it; and that McPhee was mining the ground.

The defendant answered on December 4, 1865, and denied the material allegations of the complaint. He also set forth that claim numbered one, south-west from discovery claim on the Ore Cache lode, was located, pre-empted and recorded as only one hundred feet in length; that Conner pretended to pre-empt this claim, but did not stake it and comply with the law in other respects; that said claim was never worked and was vacant until McPhee located and pre-empted it on November 9, 1864; and that defendant worked and possessed said claim until August 17, 1865, when he was restrained by an order of court.

The plaintiffs filed their replication and denied the new matter contained in the answer.

The cause was tried in September, 1867, in the district court, HOSMER, J., to whose rulings upon the admission of certain evidence the plaintiffs excepted, and consented to the entry of a nonsuit. The plaintiffs then moved to set aside the nonsuit and for a new trial on account of the erroneous rulings of the court. This motion was denied and judgment then rendered against plaintiffs, who appealed.

The evidence referred to, which was contained in the exception considered by the court, appears in the opinion. The other exceptions that were taken upon the trial were not passed upon and are not embodied in the report of the case.

WORD & SPRATT and DAVIS & THOROUGHMAN, for appellants.

The court erred in refusing to submit to the jury the issues framed by appellants relating to the circumstances under which the appellants and respondent acquired the rights they claimed. Parol evidence is always admissible to prove such facts. *Stanley* v. *Green*, 12 Cal. 162. The court also erred in submitting to the jury issues of law.

The first issue submitted to the jury was "the number of feet contained in claim number one, south-west from discovery." After submitting the same as a question of fact, the court refused to allow appellants to introduce any testimony showing the number of feet staked and contained in said claim, because the law fixed the number of feet. If it was a question of law, the court erred in submitting it to the jury. Parol evidence is competent to prove the number of feet in the claim in controversy. 1 Greenl. Ev., §§ 288 and 301.

The court erred in refusing to allow appellants to prove the staking of the claim. 1 Greenl. Ev., § 94; Idaho Stats. 577. The court erred in refusing to allow appellants to prove that they had done the $100 worth of work on the claim within six months after it was recorded. This issue was submitted to the jury, and the court then rejected the testimony of appellants tending to prove that fact.

The court erred in refusing to allow appellants to prove the written notices placed upon the stakes, and that they were plainly to be seen at the time respondent took possession of the claim. The record shows that the claim was recorded on May 10, 1864. The answer shows that respondent took possession of the same on November 9, 1864, within less than six months from the time it was recorded. Under the laws of Idaho Territory, then in force, appellants had the whole six months to put on the claim the amount of work required by the statute. The time thus allowed did not expire until on or after November 10, 1864. The possession by respondents, before the expiration of the six months, forcibly as alleged, is a sufficient excuse for the failure of appellants to

perform the work required, if there was any such failure. Respondent is estopped in law from setting up any alleged failure as a defense.

The court refused to allow appellants to show that they had complied with the statute and thereby forced them to submit to a nonsuit. An appeal will lie from a nonsuit taken under the circumstances of this case. *Natoma W. & M. Co.* v. *Clarkin,* 14 Cal. 549 ; *Sweet* v. *Lee,* 42 Eng. C. L. 240.

W. F. SANDERS and W. M. STAFFORD, for respondent.

No error lies from a voluntary nonsuit. *Imley* v. *Beard,* 6 Cal. 666, and cases cited ; Hilliard on New Trials, 74 and 497.

The court below excluded nothing, but assumed to direct the order of appellants' proof. There was no error in this. The fact first required by the court was the fact on which appellants' claim hinged. A certain paper had been placed on the district records, where this claim was situate, by which Conner meant to pre-empt one hundred feet. The appellants then wanted to show that a copy of this same paper was recorded in Madison county records, and Conner then meant something else, *i. e.,* two hundred feet. In other words, this paper got up to secure one hundred feet to Conner — not by reason of any change in it, but by reason of change in his mind — secured something else, and more. Conner claims that he was misled into recording the discovery claim as a discovery claim. The discovery claim " was to be, and was, one hundred feet in length," according to the complaint. Claim number one south-west was also to be, and was one hundred feet in length, according to the complaint, location, agreement of Conner and Miniss, and the record. The south-west twenty-five feet of discovery, recorded in the name of Miniss by mistake, according to Conner, was deeded to Conner. Appellants wish to abandon these facts, and substitute therefor intentions and hopes, and brush away records, customs and rights.

It is difficult to tell whether this is an action of ejectment, or an equitable proceeding to quiet title. It is both.

Appellants' motion for a change of venue was properly denied. This is a question which is addressed to the discretion of the court. In this case the parties were attempting to escape the conviction of the court, on a question of law. The judge who tried the cause gave the appellants a fair bill of exceptions, which is all they could demand.

In chancery causes the refusal of the court to submit issues to the jury is no ground for error. Acts 1865, 73, § 154. Appellants' issues were wrongly framed. The chancellor could have tried the cause without any jury, and the rights of appellants were not affected by submitting to the jury material or immaterial issues.

The court properly required appellants to lay a foundation for their oral proof by written muniments of title. Without this foundation the oral proof was incompetent. Appellants proved, by the record, that they owned claim number one south-west, and also twenty-five feet of discovery. Their record of this fact was notice to all parties that might be affected thereby. Appellants asked to prove that their record was false by showing that the record claim number one south-west, and twenty-five feet of discovery, was claim number one south-west, and nothing else. The court held appellants to introduce record proof which their verbal testimony would fit, not contradict. They refused to do this, and voluntarily dismissed their case, and then moved the court to set aside their deliberate acts. They should have submitted their case to the jury on their proof. How can this court say what the verdict would have been, or that appellants were injured at all.

The record was the best evidence. Appellants claim it was not true, and that parol evidence is the best. Titles do not rest on such flimsy foundations. The order in which evidence may be introduced is a matter of discretion. Unless there has been a gross abuse of this discretion by the court below, the proceedings will not be revised. Hilliard on New Trials, 300, 307, 331, and § 573.

The real question in this case is, whether the court was right in deciding that a proper record, justifying the hold-

ing of twenty-five feet of discovery, and claim number one south-west, of one hundred feet, *as one claim*, was necessary in the case. Conner wished to swear it was in his mind all only one claim. Appellants wished to hold claim number one, by proving that they had performed work upon twenty-five feet of discovery, which they desired to attach to number one. The court stopped them, until they could show a record in harmony with their proof.

We do not claim that a person cannot locate less than two hundred feet as a claim. That which the records show a claim, cannot be changed in length or locality by any thing less than a re-location shown on the record. It was not decided, nor claimed in the court below, that the number of feet must appear in the record. It is clear that these may be omitted. But if one is going to re-baptize two claims, he must do so by record. No one can, by any mental action, take up the dividing line between a discovery claim and claim number one, and move it twenty-five feet over on the discovery claim, and thereby make it the dividing line. A record is the one essential thing to change a line.

KNOWLES, J. The first question presented in this case is one of practice. Can the plaintiffs in an action move to set aside a nonsuit when they have consented to it, upon its becoming apparent, from the rulings of the court, that they could not recover, basing their motion upon alleged error in the rulings of the court, which induced them to consent to the nonsuit?

Such practice we hold proper. See *Natoma Water and Mining Co.* v. *Clarkin*, 14 Cal. 544. A nonsuit in such cases is treated as and governed by the same rules as an involuntary nonsuit.

The only ground of error assigned which we deem it material to examine, is the exclusion of the evidence offered by the appellants.

They offered in evidence the records of Madison county, showing the record of Conner's location of the ground in

dispute ; a deed from Miniss to Conner of twenty-five feet
of the ground in dispute ; a deed from Conner to O'Neal of
one-half of the ground in dispute ; and, lastly, they offered
to prove by the testimony of Conner the number of feet
staked off by him for the claim number one, south-west from
discovery on the Ore Cache lode, the size of the stakes, the
notice written on them, and the amount of labor performed
on said claims within six months after the location of the
same. The record of location offered did not specify the
number of feet claimed. The court refused to allow the
appellants to prove these facts, until they should first lay
the foundation therefor, by proving "that the claim in con-
troversy was pre-empted, and appears on the record in due
form as embracing the number of feet claimed for it by
plaintiffs." This is the exact language of the bill of excep-
tions, and would imply that the court held that the record
of the location of a quartz claim should specify the number
of feet claimed, and that the appellants, in this case, should
first introduce such a record before they could introduce
other evidence. This we hold error. The language of the
Idaho statute, in relation to the location and recording of
quartz claims in force at the time of the location and record-
ing of the claim in dispute by appellants, is as follows :

"All claims shall be recorded in the county recorder's
office within ten days from the time of posting notices
thereon."

What record must a locator of a quartz claim make to
satisfy this law ? Courts generally give to such a statute the
interpretation usually accorded to it by the people who use
the terms therein employed. Recording a claim is a phrase
used among the locators of mining claims. It is a law
maxim of general application that contemporaneous exposi-
tion of a statute has great strength in controlling its inter-
pretation. By examining the records of quartz claims in
the several counties of this Territory, which were once a
part of Idaho, and the records of quartz claims of the several
counties of Idaho, at the time this law came into force, and
we will arrive at some conclusion as to what was generally

understood by the locators of quartz claims at that time, was a compliance with the law requiring the recording of quartz mining claims. An examination of these records, we are confident, will show that it was not generally considered necessary to state in the record the number of feet claimed. This seems to be conceded by the attorneys for both parties. And it is contended by the attorneys for the respondent that the court did not rule that a record should show the number of feet claimed. If such was the case, we do not understand the bill of exceptions signed by the judge who tried the cause, or why the record of appellants' location was excluded. If the court had no objecions to Conner's testimony, and only directed that there should be first introduced the record of his location of the claim in dispute, and did not hold that this record should specify the number of feet claimed, the very record demanded had already been offered in evidence, and one of the objects of Conner's testimony was to establish the number of feet in claim number one, south-west from discovery in the Ore Cache lode, at the time this record was made. If the ruling of the court is not as we understand it, then the language used in the bill of exceptions, signed by the judge who made the ruling, is very unfortunate.

We have been led to infer, however, from the arguments of counsel on both sides, that the bill of exceptions filed does not fully present all the difficulties experienced on the trial of this cause. Hence we have felt that it was difficult to render a decision which might not mislead the parties on a re-trial of the cause. We can, however, be governed only by the record presented to us. It is very defective, and, perhaps, on our own motion we ought to have sent it back to be perfected.

We might follow at some length the arguments of the counsel for respondent, and show that notwithstanding the facts may have been as presented in their argument, still the court erred in excluding the testimony offered. But should we do so we might be justly accused of presenting as many immaterial matters, in our opinion, as there

are immaterial issues presented by the pleadings in this cause.

In accordance with the views above expressed, the judgment of the court below is reversed, a new trial granted, and the cause remanded for further proceedings.

*Exceptions sustained.*

WARREN, C. J., concurred.