BUTTE   HARDWARE   COMPANY, RESPONDENT, *v.* COBBAN, APPELLANT.

[Argued October 10, 1892.   Decided September 11, 1893.]

QUIET TITLE—*Tenants in common—Adverse claim.*—Failure to file an adverse claim to an application for patent to a mining claim does not estop a tenant in common from maintaining an action to quiet title to an interest in such claim against his cotenants, who had obtained the patent, and their grantee, where it was not pleaded or shown that plaintiff was an owner or claimant when application for patent was made, or that his grantors had an interest upon which they failed to adverse.

TRUSTS—*Estoppel.*—Where the patentees of a mining claim do not controvert the existence of a trust in favor of a third person as to an undivided interest in such claim, their grantee who obtained quitclaim deeds for a grossly inadequate consideration, and with notice that his grantors claimed no title to such interest, is not an innocent purchaser for value, and therefore not entitled to an estoppel of the equitable owner of such interest, and the patentees will be decreed to convey to their *cestui que trust.*

QUIET TITLE—*Trial—Findings by the court.*—In an action to quiet title and remove a cloud upon an undivided interest in a mining claim, a finding that defendant had built a foundation for a house which was partly upon a portion of said premises is not a finding that he was in possession of plaintiff's undivided interest in the claim, or that plaintiff was not in such possession.

CORPORATIONS—*Estoppel.*—A party claiming title to a mine through a commercial corporation is estopped to question the right of such corporation to take and hold title to mining property.  (*First National Bank* v. *Roberts,* 9 Mont. 331, cited.)

*Appeal from Second Judicial District, Silver Bow County.*

Action to quiet title.   Judgment was rendered for the plaintiff below by McHATTON, J.   Affirmed.

Statement of the case by the justice delivering the opinion : This action is to quiet title as to the two thirty-seconds undivided interest in the Yellow Jack mining claim.   The defendants Schwab, Cummings, Hauser, and Fitchen were owners of the claim, and made application for patent therefor.   The Butte Hardware Company, the plaintiff, bought one-eighth interest in the claim from Schwab May 5, 1884.   December 27, 1884, a deed was made, purporting to be by the Butte Hardware Company, to Schwab, Cummings, Hauser, and Fitchen, for said one-eighth interest.   The execution clause of that deed reads as follows: "In witness whereof the said party of the first part doth hereunto set its hand and seal the day and year first above written.   [Signed] Butte Hardware Co.   By P. A. Largey, Supt.   Signed, sealed, and delivered in the presence of Jos. H. Harper."   On December 30, 1884, the receiver's receipt was issued from the land office to Schwab, Cummings, Hauser, and Fitchen.   On October 18, 1889, Schwab executed and delivered to defendant Cobban a quitclaim deed of all his interest in the premises.   On October 26, 1889, defendant Cummings executed and delivered a similar deed to defendant Cobban.   The plaintiff contends that these deeds to Cobban are void, and a cloud upon its title.   The complaint alleges that on December 27, 1884, the plaintiff was, and for a long time had been, the owner of, and in the possession and entitled to the possession of, said undivided one-eighth interest in the Yellow Jack mining claim, describing the claim ; that on said day Schwab, Cummings, Hauser, and Fitchen were also owners, and, for the purpose of conveniently obtaining patent for the premises, agreed with P. A. Largey, superintendent of the plaintiff, that if plaintiff would convey its interest to them they would hold it in trust, and on demand reconvey to plaintiff; that P. A. Largey executed to those defendants the deed above mentioned ; that this deed was executed and delivered without any consideration whatever, with the intention between Largey and those defendants that they should hold said property as trustees for the Butte Hardware Company ; that Largey had no authority to sell or convey said property to defendants, or any one, and that said deed was executed without authority; that the property was worth ten thousand dollars; that plain-

tiff is now in possession. The complaint further alleges that on the eighteenth and twenty-sixth days, respectively, of October, 1889, the defendant procured said Schwab and Cummings to execute to him deeds for all their interest in the claim. It is alleged that Cobban did this with full knowledge of the alleged trust pleaded above, and with full knowledge that said Schwab and Cummings had no ownership or title in or to the said one-eighth interest. Said deeds are recorded in the county of Silver Bow, and are a cloud upon plaintiff's title. The complaint prays that Schwab, Cummings, Hauser, and Fitchen be decreed to be the trustees of plaintiff as to said one-eighth interest, and be required to reconvey the same to it, and that said Cobban be decreed to have no title in said one-eighth interest.

Schwab, Cummings, Hauser, and Fitchen defaulted. Cobban alone answered. The answer of Cobban denies the material averments of the complaint specifically. It further sets up that plaintiff is a commercial corporation organized under the laws of Montana for the purpose of engaging in mercantile business, and cannot hold or acquire the real estate or mining claim described in the complaint; that the holding of said ground is not necessary in the business of plaintiff. The answer alleges that said defendant Cobban purchased the Schwab and Cummings alleged interest in good faith, and for a valuable consideration.

The case was tried by the court without a jury. The court found that Largey, assuming to act as superintendent of plaintiff, made the deed above described; that the same was duly recorded in Silver Bow county on December 27, 1884; that there was no declaration of trust, or instrument in writing, showing that the two thirty-seconds interest so conveyed to Schwab and Cummings was to be reconveyed to plaintiff. It was also found that the receiver's receipt was issued to said Schwab and Cummings for said two thirty-seconds interest, and that they have never conveyed that interest to any one except Cobban. It was found that Cobban, at the time the action was commenced, had built a foundation for a house, which was partly upon the Yellow Jack claim. The court found that the plaintiff corporation was entitled to purchase and hold the one-

eighth interest in said mining claim. The judgment decreed that the deed made in the name of Largey, superintendent of plaintiff, to defendants Schwab, Cummings, Hauser, and Fitchen, is null and void, and that it conveyed no title; also, that the deed made by Schwab to Cobban, and the deed made by Cummings to Cobban are absolutely void against plaintiff; that plaintiff is the lawful owner of the property described in the complaint; and that its title thereto is adjudged to be quieted against all claims of the defendants, or either of them. The decree further recites that, it appearing that said void deed made by Largey was used in the land office as part of a chain of title, and that by the use of that deed the land office had issued a receiver's receipt for the property described in that deed to Schwab, Cummings, Hauser, and Fitchen, and that that property belongs to the plaintiff, it is ordered that said four defendants execute and deliver a deed conveying to plaintiff the title to the property described in its complaint, which they acquired by virtue of the receiver's receipt. From this judgment the defendant Cobban appeals. The other facts are stated in the opinion below.

*Charles R. Leonard,* and *Toole & Wallace,* for Appellant.

I.   Respondent not only waived its legal title by not interposing its adverse claim, but also its equitable title, if it had any capable of being enforced against the applicants for the patent. (*Meyendorf* v. *Frohner,* 3 Mont. 282; *Black* v. *Elkhorn Min. Co.,* 49 Fed. Rep. 549.) The patent unquestionably passed the legal title to appellant's grantors. (Rev. Stats. U. S., 2325, 2326. See, also, authorities cited in 15 Am. & Eng. Ency. of Law, 573, tit. "Adverse Claim"; *Hall* v. *Equator Min. Co.,* Morrison's Digest of Mining Decisions, 3d ed., 282–86; *Eureka Con. Min. Co.* v. *Richmond Min. Co.,* 4 Saw. 302; *The* 420 *Mining Co.* v. *Bullion Mfg. Co.,* 3 Saw. 659; *Golden Fleece etc. Co.* v. *Cable etc. Co.,* 12 Nev. 320; *Gwillim* v. *Donnellan,* 115 U. S. 45; *Lee* v. *Balcom,* 9 Col. 216; *Talbot* v. *King,* 6 Mont. 76; *Raunheim* v. *Dahl,* 6 Mont. 167.)

II.   The court found that defendant Cobban was in the possession of a portion, at least, of the premises in controversy.

The action brought was to quiet title and remove a cloud.   In such actions the plaintiff must prove possession of the premises in controversy, failing in which he will be nonsuited. The rule is too well established to need any further citation of authorities than *Wolverton* v. *Nichols*, 5 Mont. 89; *Milligan* v. *Savery*, 6 Mont. 129.

III.   A mercantile corporation cannot sit by, allow others to obtain a patent for mining property claimed by it, and after their conveyance to a third party assert the title it held before the issuance of the patent.   After the expiration of the notice presumed to have been given by the certificate of the land office, it waived all objection to the issuance of a patent, and consequently stands precisely in the same situation it would be in had the patent issued.

*F. T. McBride,* and *George Haldorn,* for Respondent.

I.   It appears from the record and is admitted that the void deed had been used in the United States Land Office upon application for patent for the ground in controversy as part of the applicant's chain of title, and that, relying upon said void deed, the receiver's receipt had issued to the grantees named in the void deed as owners of the ground in controversy.   The said grantees named in the said void deed thereby became involuntary trustees of the respondent as to the title so acquired by them, and the record shows that a resulting trust was alleged and proved.   (*Lakin* v. *Sierra Buttes Gold Mining Co.,* 25 Fed. Rep. 341; *Wilson* v. *Castro,* 31 Cal. 420; *Salmon* v. *Symonds,* 30 Cal. 301; *Bludworth* v. *Lake,* 33 Cal. 265; *Hardy* v. *Harbin,* 4 Saw. 549; *Suessenbach* v. *First Nat. Bank,* 5 Dak. 477; *Hunt* v. *Patchin,* 35 Fed. Rep. 816; *Widdicombe* v. *Childers,* 124 U. S. 400; *Felix* v. *Patrick,* 145 U. S. 317.)

II.   Respondent did not purchase its interest in the lode claim until the year following the application for patent, and therefore could not have adversed as contended by appellant.

III.   The plaintiff was in the actual possession of the ground in controversy at the date of the commencement of the suit.   It is further submitted that an action to remove a cloud from title may be maintained by a party out of possession.   (3 Pomeroy's Equity Jurisprudence, p. 435, sec. 1399, n. 4, and cases cited.)

IV.   The act of the corporation in making the purchase can be inquired into by no one but the state.   (Code, 725, sec. 447; *National W. & M. Co.* v. *Clarkin,* 14 Cal. 543; *California State Tel. Co.* v. *Alta Tel. Co.,* 22 Cal. 398, 430; *First Nat. Bank* v. *Roberts,* 9 Mont. 323–31.)

De Witt, J.—It is pleaded, it is adjudged by the court, it is not specified as error, and it is relied upon in argument on both sides, that the deed made by Largey, purporting to be the deed of the Butte Hardware Company, was and is void.⁻ We will therefore start with the foundation that the deed was a nullity.   When that pretended deed was made, the Butte Hardware Company owned a one-eighth interest in the Yellow Jack mining claim.   The deed, being to Schwab, Cummings, Hauser, and Fitchen, without describing the shares which the grantees were supposed to take, therefore purported to give Schwab and Cummings two thirty-seconds of the Yellow Jack mining claim.   The deed being a nullity, Schwab and Cummings took nothing thereby.   If that be true, Schwab and Cummings conveyed nothing to Cobban in October, 1889. This is clear enough, unless there is some estoppel.

It is contended that the Butte Hardware Company is estopped because it did not file in the United States Land Office an adverse claim (Rev. Stats. U. S., § 2326) to the application for patent.   But it does not appear that at the time of application for patent the Butte Hardware Company had or claimed any interest in the Yellow Jack mining claim, or that its grantors had an interest upon which they failed to file an adverse claim.   The pretended deed from the Butte Hardware Company to Schwab et al. was made December 27, 1884.   The Butte Hardware Company acquired its title to the one-eighth interest in May, 1884.   If the notice of application for patent had been admitted, it would have appeared that the Butte Hardware Company did not own an interest in the claim when advertisement occurred.   But, it not being allowed in evidence, it nowhere appeared, nor, indeed, was it pleaded, that the Butte Hardware Company, at the time of advertisement for patent, was an owner or claimant in the premises, or could thereby be estopped by virtue of not filing an adverse claim to the application for patent.

Again, is the Butte Hardware Company estopped from claiming its title in two thirty-seconds of the Yellow Jack mining claim by virtue of Cobban buying the two thirty-seconds interest from Schwab and Cummings, grantees in the pretended deed of Butte Hardware Company to Schwab, Cummings, Hauser, and Fitchen, of December 27, 1884? Added to the fact that that was a void deed, absolutely, we are of opinion that Cobban was not an innocent purchaser for value. It sufficiently appeared that, before Cobban bought from Schwab and Cummings, he was informed that if Schwab and Cummings had an apparent title to the two thirty-seconds interest on record, they had none in fact. Fitchen testified to this effect, although he was disputed by Cobban. Schwab and Cummings each deposed that he told Cobban that he had no claim to this two thirty-seconds interest. Cobban, however, said he would take a deed. He obtained quitclaim deeds from Schwab and Cummings. He paid five dollars for each—a grossly inadequate consideration, under the evidence. Cummings deposed that Cobban promised to give him more if he got any thing out of the claim. Under all these facts, it is apparent that Cobban was not an innocent purchaser for value, and that he had the amplest facts to put him on inquiry. Therefore, we arrive at this situation: By the receiver's receipt, December 30, 1884, whatever right passed from the United States (and we will call it a title for the purpose of this decision) passed to Schwab, Cummings, Hauser, and Fitchen. But at that time the Butte Hardware Company owned one-eighth of the possessory title, as against Schwab, Cummings, Hauser, and Fitchen, and still owns it. These four persons concede this. Cobban disputes it. But his grantors are Schwab and Cummings. They concede it, and Cobban is in no position superior to them, because he is not an innocent purchaser for value. Therefore, every one—Schwab, Cummings, Hauser, and Fitchen, in fact, and Cobban, in effect—concedes that the first four persons named hold in their names the receiver's receipt for the Butte Hardware Company's one-eighth interest of the Yellow Jack Mining claim. Under those circumstances, why should they not convey it? It is not a question of proving a trust, by parol or otherwise. The simple situation is:

Four persons have in their names title to real estate which belongs to another. They admit that fact, and Cobban is not a person to controvert it. It is our opinion that they are trustees, and should be, as they were, decreed to convey to their *cestui que trust*. There seems to be no occasion for the creating or declaring of a trust, or offering evidence that it was created or declared, or relying upon the deed from the Butte Hardware Company to Schwab, Cummings, Hauser, and Fitchen. The existence of the trust is uncontroverted.

The action is to quiet title and remove a cloud. Appellant claims that plaintiff was not in the possession of the premises, the two thirty-seconds undivided interest in the mining claim at the commencement of the action. (Code Civ. Proc., § 366.) His specification in this regard on motion for a new trial is as follows: "The evidence is insufficient to sustain the decision and the decree of the court, for the reason that the evidence establishes the fact that the defendant George A. Cobban was in possession of a portion, at least, of the premises in controversy at the time of the institution of said action, as was found by the court in its special finding No. 8." Finding 8 is as follows: "Did said defendant Cobban, in pursuance of his purchase of said two thirty-seconds of said mining claim, enter upon a certain portion thereof, and construct and erect a house thereon? And was such house so upon said premises covered by it at the time that this action was commenced? Answer. He had built a foundation for a house, which foundation was partly upon a portion of said premises." Appellant contends that this is a finding that respondent was not in possession of the premises, the subject of the action. The subject of the action was two thirty-seconds undivided interest in a mining claim. That defendant had put a foundation for a house partly upon the mining claim, we think, is not a finding that defendant was in possession of plaintiff's claimed two thirty-seconds undivided interest in the premises, or, in effect, that plaintiff was not in such possession.

It is contended that plaintiff, as a commercial corporation, is not empowered to hold or claim an interest in a mining claim. It appeared that plaintiff was occupying a portion of the surface of the claim with a warehouse which it was using

in its business. The defendant Cobban is not an appropriate person to raise that question. What Cobban claims as to title comes from plaintiff. If Cobban could be said to own any thing (which, as we have seen, cannot be said) he owned it from plaintiff as grantor behind Schwab and Cummings. (*First Nat. Bank* v. *Roberts,* 9 Mont. 331.) The judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., having been counsel in this case, does not participate in the decision.

HARWOOD, J., concurring.—My concurrence in affirming the judgment of the trial court proceeds upon the ground that the facts shown give rise to a trust in the grantees of the patent in favor of the plaintiff for the eighth interest which it owned in said property when patent was issued therefor, and that appellant, Cobban, acquired his alleged claim thereto with knowledge of the equities existing in favor of plaintiff. For the purpose of this review the receiver's final receipt has been regarded by both parties as equivalent to a patent, and therefore the case is considered as if patent had issued. It is not disputed that after patent was applied for and notice had run, plaintiff came into ownership of an eighth interest in said lode claim, nor that the Largey deed, purporting to convey plaintiff's interest to Schwab, Cummings, Hauser, and Fitchen was void. But through the appearance of said void deed the United States government was induced to convey the whole of said claim to the other co-owners above named, thereby carrying the legal title of plaintiff's interest to the grantees in the patent. Now, the title to plaintiff's interest in said claim having passed away from it by the circumstance of said void deed being recognized as valid, the grantees of that interest became trustees thereof, holding the same for the use and benefit of the real owner the same as if the title, by mistake, had been conveyed and recorded in the name of a stranger. That trust is implied by operation of law upon the circumstances mentioned, and does not depend upon the alleged express agreement for reconveyance claimed to have been made by Largey on behalf of plaintiff at the time the void deed was executed, nor upon

any action of Largey because his attempted conveyance was void, as all parties admit, and in fact did not divest plaintiff of its interest. The void deed figured in the transaction as the mere circumstance which misled the government to grant plaintiff's interest, along with the rest of the lode, to the grantees above named. Plaintiff did not own or claim an interest adverse to any other claimants in said lode, but it owned an interest in conjunction with and recognized by the other claimants and patentees of said lode. (*Hunt* v. *Patchin*, 35 Fed. Rep. 816.) And plaintiff, having come into ownership after application of patent, for the sake of convenience in obtaining the patent, it was thought expedient by those assuming to act that plaintiff's interest should be deeded over to the other grantees in the patent in order to make it appear to the government's agents that the persons to whom the patent was issued were the owners of the whole of said claim. But that deed was void, and therefore when the patent was issued the legal title of plaintiff's interest, which it had not parted with, was conveyed to the grantees named in the patent. It appears that the grantees in the patent, although made parties to this action, have never come in and denied the foregoing facts, and the record shows that Cobban obtained such conveyance for a mere nominal sum as consideration, and with knowledge of the facts upon which the law raises a trust in the patentees of said land in favor of plaintiff to the extent of its interest. (2 Pomeroy's Equity Jurisprudence, § 1048.) So that Cobban is in no position to claim equities in his behalf which the grantees of said patent could not have invoked. It appears to me to be a case of constructive trust, arising by operation of law and should be executed as directed by the judgment of the trial court. (*Hunt* v. *Patchin*, 35 Fed. Rep. 816; *Lakin* v. *Sierra Buttes G. Mining Co.*, 25 Fed. Rep. 337; *Hardy* v. *Harbin*, 4 Saw. 526; *Wilson* v. *Castro*, 31 Cal. 421; *Salmon* v. *Symonds*, 30 Cal. 301.)

The point is raised that plaintiff was not competent to receive and hold said interest in the mining claim, because the acquisition of such property was not specially within the scope of the object and purpose of the corporation, as expressed in its articles of incorporation. I do not think that point could

be maintained so as to avoid the title of plaintiff to said property in favor of a stranger.   A corporation organized for special purposes, specified in the articles of incorporation, might, in transacting that business, necessarily come into the ownership of property of a class not within the objects for which it was incorporated.   The collection or enforcement of obligations due the corporation might necessarily, in the course of the transaction of its business, bring it into ownership of property, the acquirement of which is not within the special object and purpose for which the company was organized, as expressed in its articles of incorporation.   But it would hardly be seriously urged in such event that the title of the corporation as to such property was void in favor of a stranger who undertook, unlawfully, to assume and hold the property in question.   Of course, cases arise where agents of a corporation have been held liable to the stockholders or others interested and injured by a departure from the scope and purpose of the company in its transactions, but such complainants are not strangers or without interest in the conduct of the corporation. And the commonwealth may also interfere and forfeit the charter and wind up the affairs of the corporation in certain cases for abuse of its charter privileges by unlawful use or departure therefrom.   But no cases have been cited, and probably cannot be found, where strangers have been heard to raise such a defense to their unwarranted claims upon the property of a corporation.   To the contrary may be cited the following cases. (*First Nat. Bank* v. *Roberts,* 9 Mont. 331; *National Bank* v. *Matthews,* 98 U. S. 621; *National Bank* v. *Whitney,* 103 U. S. 99; *Fortier* v. *New Orleans Nat. Bank,* 112 U. S. 439; *National etc. Mining Co.* v. *Clarkin,* 14 Cal. 544; *California State Tel. Co.* v. *Alta Tel. Co.,* 22 Cal. 398.)

I concur in affirming the judgment of the trial court.